**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WELLS FARGO CLEARING SERVICES, LLC D/B/A WELLS FARGO ADVISORS,**<br><br>**Garnishee,**<br><br>**THOMAS REED,**<br><br>**Defendant/Judgment-Debtor.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:26-cv-1275-STA-jay** |

**ORDER DENYING JUDGMENT DEBTOR'S MOTION FOR HEARING WITHOUT PREJUDICE**

This is a post-judgment garnishment proceeding brought by Plaintiff United States of America to enforce an order of restitution against Defendant Thomas Reed. The government filed an Application for Continuing Writ of Garnishment (ECF No. 1) on April 29, 2026, in the United States District Court for the Northern District of New York. The United States seeks to enforce an order of restitution in the amount of $23,035,107.30, which was entered against Defendant Thomas Reed as part of the criminal proceedings against him in the Western District of New York. *See Judgment*, June 22, 2005 (W.D.N.Y. no. 5:02-CR-51, ECF No. 523); Amended Judgment, June 20, 2017 (ECF No. 1107). According to the government's application, there is a remaining balance due of $22,315,736.44, as of April 29, 2026.

The government sought the writ against Garnishee Wells Fargo Clearing Services, LLC d/b/a Wells Fargo Advisors, as the custodian of nonexempt IRA accounts owned by Defendant.

On April 30, 2026, the Northern District of New York issued the Writ of Garnishment (ECF No. 3). According to its Answer (ECF No. 13), as of June 8, 2026, the Garnishee was in possession of $111,012.58 held in a Traditional IRA owned by Defendant and $8,635.92 in a Roth IRA owned by Defendant, all amounts subject to market fluctuations.

On May 20, 2026, Defendant filed Exemption Claims and a Request for Hearing (ECF No. 8). Defendant checked the following boxes on the exemption form: (1) Wearing apparel and school books; (2) Fuel, provisions, furniture, and personal effects not to exceed $11,980 in value; (3) Books and tools of a trade, business, or profession not to exceed $5,990 in value; and (4) Undelivered mail to the addressee. Exemption Claims, PageID 39. The government has filed a response in opposition to Defendant's request for a hearing, arguing that Defendant has not demonstrated how any exemptions to the garnishment would apply in his case.

As part of his filing, Defendant also asked the Northern District of New York to transfer the proceedings to this Court due to the fact that Defendant resides in this Judicial District. On October 21, 2026, the Northern District of New York granted Defendant's request and transferred the case to this District for all further proceedings.

The Federal Debt Collection Procedure Act establishes standards for the enforcement of monetary obligations owed to the United States. A judgment debtor has the right to receive notice of any proceeding, including a garnishment, to enforce a debt or order of restitution. 28 U.S.C. § 3004(c). The form of notice is set out verbatim in 28 U.S.C. § 3202(b). A judgment debtor then has the right within 20 days of receipt of the notice to request a hearing to quash the writ or other post-judgment order of enforcement. 28 U.S.C. § 3202(d). And once the garnishee has filed its answer to the writ, the judgment debtor or the United States has an additional 20 days from receipt of the answer to file a written objection. 28 U.S.C. § 3205(c)(5). At the final

step of the procedure and after having afforded all parties the opportunity to be heard, the district court must enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in the property. *Id.* at § 3205(c)(7).

The Federal Debt Collection Procedures Act requires a district court to hold a hearing at the debtor's request as soon as practicable. 28 U.S.C. § 3202(d). The Act, however, strictly limits the matters the court can consider at the hearing. The hearing is confined to consideration of two issues: "(1) the probable validity of any claim of exemption by the judgment debtor;" and "(2) [] compliance with any statutory requirement for the issuance of the [writ]." *Id.*[1] Defendant does not argue that the government has failed to comply with any statutory requirement for the issuance of the writ. Defendant claims a number of exemptions and argues that funds held in his IRAs are exempt from collection.

The judgment debtor has the burden of persuasion to show that an exemption applies. 28 U.S.C. § 3014(b)(2). It is well settled that the government is permitted "to garnish assets held in a retirement account, including an IRA, to satisfy a restitution order." *United States v. Clark*, 990 F.3d 404, 407 (5th Cir. 2021) (holding that the Mandatory Victims Rights Act authorized a district court to consider an IRA as an asset subject to garnishment for purposes of collecting restitution); *United States v. Hosking*, 567 F.3d 329, 334 (7th Cir. 2009) (same); *United States v. Novak*, 476 F.3d 1041, 1053 (9th Cir. 2007) (same); *United States v. Irving,* 452 F.3d 110, 126 (2d Cir. 2006) (same). In light of this legal authority, Defendant has not shown why funds held in his IRAs are exempt from garnishment.

[1] The Act also permits a hearing "if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue" but confined to the issues of "(A) the probable validity of the claim for the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment." § 3202(d)(3). Because the judgment against Tate is an order of restitution following a full criminal trial and conviction, the provisions for hearing on a default judgment do not apply in this case.

Under 28 U.S.C. § 3014(b)(1), a district court has the discretion to order a debtor to file a statement with regard to any claimed exemption, sworn under oath and describing "each item of property for which exemption is claimed, the value and the basis for such valuation, and the nature of the debtor's ownership interest." Defendant has claimed several additional exemptions as part of his response to the writ of garnishment, though without providing any additional information to show why a hearing is required on those requests. The Court finds that without additional information about the grounds for Defendant's request for hearing, including more specifics about his claims for exemption, Defendant has not shown why the Court should grant him a hearing at this point. Therefore, the Motion for Hearing is **DENIED**.

The Court will deny Defendant's request for hearing but without prejudice to Defendant's right to re-file the request. If he chooses to do so, Defendant may refile his Motion for Hearing with a statement describing in more detail the grounds for his request for a hearing and his claims of exemption, other than the funds held in his IRAs, pursuant to 28 U.S.C. § 3014(b)(1). Defendant should also explain why a hearing is required to decide whether any exemption applies. If Defendant decides to re-file his request for hearing, Defendant should re-file his request within 28 days of the entry of this order. Failure to do so may result in the Court entering a final order of garnishment without further notice to Defendant.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 17, 2026.